**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ELIZABETH EDOJAH JAMAHO, REX    ) <br> MINABOWAN, PATRICIA AKANGBOU) <br> AND  CHARLES ARUVIEREH  ON     ) <br> BEHALF OF URHOBO PROGRESS     ) <br> UNION AMERICA (UPUA),          ) <br> Plaintiffs                     ) <br> ) <br> **V.**                         )        **VERIFIED** <br> )        **Civil Action No.** <br> ONOME DEMA AND SILAS OKITI,    ) <br>    INDIVIDUALLY                ) <br>        Defendants.             ) <br> **)** <br> And Nominal Defendant          ) <br>   URHOBO PROGRESS UNION        ) <br> AMERICA                        ) | |

_____

**PLAINTIFF S'   ORIGINAL COMPLAINT, DECLARATORY**

**JUDGMENT AND TEMPORARY INJUNCTION.**

_____


1.    Plaintiffs, Elizabeth Edojah Jamaho, Rex Minabowan, Patricia Akangbou and Charles Aruviereh on behalf of Urhobo Progress Union America (collectively, "Plaintiffs") bring this derivative action against Defendants, Onome Dema and Silas Okiti   (collectively, "Individual Defendants").

## I. NATURE OF SUIT

2. This is a derivative suit brought on behalf of the Urhobo Progress Union America. The defendants as President and Director of Membership respectively

1

have breached their fiduciary duty, breached contract with plaintiff, wasted

corporation assets, involved in self-dealing, breached the duty of honest service

and violated the UPUA constitution.

3. The president used her surrogates and "foot soldiers " to scuttle the 2019

UPUA presidential election and entrenched herself in office unlawfully to cover

up allegations of financial impropriety and to ultimately invest UPUA's money

in a Micro finance bank in Nigeria where she is a director.

## II. Jurisdiction

 4.  The court has diversity jurisdiction over the lawsuit because the amount in controversy

exceeds $75,000 and Plaintiffs and Defendants are citizens of different states.  28 U.S.C §1332.

## III.Venue

5.  Venue for this matter is proper in the United States District Court for the Southern District of

Texas because a substantial part of the events giving rise to the claim occurred in this division.

## IV.  Parties

6.  Plaintiff, Urhobo Progress Union America herein after referred to as UPUA

and Association is a non-profit umbrella organization of Urhobo organizations

and people resident in North America.  It is registered in the State of California.

7.   Defendant, Onome Dema is the "president" of the UPUA. Defendant, Onome Dema, an

individual and a resident of New York, may be served at 12205 Flatlands Avenue, #7-7L

Brooklyn, NY 11207.

8. Defendant Silas Okiti is the UPUA Director of membership.  Defendant, Silas Okiti an individual may be served at 20403 Hidden Point Ln Richmond, TX 77407.

9.  Elizabeth Edojah Jamaho, Rex Minabowan, Patricia Akangbou and Charles Aruviereh are members of UPUA and on behalf of Urhobo Progress Union America  (collectively, "Plaintiffs") bring this derivative action against Defendants, Onome Dema and Silas Okiti  (collectively, "Individual Defendants").   The plaintiffs suing in a representative capacity, asserts rights belonging to the corporation because the management of the corporation refused to do so.

10. Rex Minabowan is a resident of Nevada.

11.  Patricia Akangbou is a resident of Illinois,

12. Charles Aruviereh is a resident of Delaware and

13. Elizabeth Edojah Jamaho is a resident of New Jersey.

## V. FACTUAL ALLEGATIONS

14.  As news of the UPUA president, Onome Dema's   financial impropriety began to spread months before the 2019 UPUA presidential election; it became obvious that the President would not be able to win re election. Confronted with this bleak reality the President began to plot to scuttle the presidential election.

15. The Houston area has the largest number of members in UPUA.  The president in light of this engaged the services of the UPUA director of membership, Silas Okiti a member of her executive to scuttle the election.

3

16. The botched 2019 UPUA presidential election was not an accident. It was orchestrated by the president's surrogates and "foot soldiers " in Houston who sold and compromised their Chapter's interest for personal gains.

17. The president's surrogates led by Silas Okiti successfully beguiled the electoral Committee into cancelling the election.  Following the cancellation, the UPUA Board of Trustees, hereinafter referred to as the BOT, a body who the president has total control of, illegally extended her tenure for two years in violation of the extant UPUA constitution.

18.  It was unconstitutional for the BOT to extend the tenure of the president after the botched 2019 election in Philadelphia. The BOT has no such authority under the 2004 UPUA constitution as amended in 2006. This clearly was designed to give the president time to cover up allegations of financial impropriety and to eventually invest UPUA's fund in a Micro finance bank in Nigeria.

19. The BOT till date has not sanctioned the president's surrogates who caused the botched 2019 presidential election, because that action has brought the defendants closer to the realization of the goal of investing UPUA's funds in Nigeria.

20.  The president and the BOT chairman, Emmanuel Ojameruaye then attempted to amend the 2004 UPUA constitution as Amended in 2006 in order to surreptitiously foist the President on the Association for another year; in violation of Article 6.3 (c) of the extant UPUA constitution.

21. The attempt to amend the 2004 constitution in 2021 however failed on two accounts. First, Article 12.1 of the 2004 constitution states, " an amendment may only be done at a convention."

The failed 2021 amendment was done and ratified on or about August 6 2021 almost a month before the 2021 convention.

22. Secondly, the ratification did not meet the two third majority threshold of those present at the BOT meeting in accordance with Article 12.6 of the UPUA constitution.  Sixteen (16) members were present at the BOT meeting. Seven (7) voted to ratify. Four (4) voted against and five (5) abstained.

23. Therefore only 43.7% voted to amend the constitution.  A far cry from the 2/3 majority of members present at the BOT meeting required by UPUA constitution.

24. The President and the BOT in its haste to foist the president on the Association has thrust on the Association an illegitimate president. The 2004 constitution does not provide for the electoral process employed in the unconstitutional 2021 presidential election.

25.The extant constitution provide for vote by" chapter delegates" and not "one person one vote."  Additionally, the constitution does not allow vote by proxy. The 2021 election was conducted in violation of the extant constitution.

26.The UPUA constitution requires two signatories to sign its checks. By information and belief the plaintiffs are aware that until the whistle blower's allegations, it was only one individual that was signing UPUA checks.

27.  Even after an extra level of protection was added giving the BOT chairman authority to act as a check. One individual continued to sign the Associations checks; exposing its bank account to grave risk.

28.   Defendant, Onome Dema has operated the Association's account like her personal account. The annual convention has become an avenue for defendant to spend UPUA funds for her personal use.  In the 2018 and 2019 UPUA conventions, the president awarded the printing of the brochure and tickets to her husband and by extension herself.  A clear conflict of interest and usurpation of the opportunity for the Association to make profit. The budgeted and approved amount for printing for the 2018 convention was  $7350.

29. The amount she illegally paid herself for the job was $16, 226.    $8,876 above the amount she bided and that was approved for the printing. Had she not had a direct access to the bank account, she could not have been able to pay herself that large amount without the approval of the BOT.

30. The story was the same in 2019.  One would have expected that haven gotten away with this unlawful payment to herself in 2018, she would be more circumspect. But that was not the case . In 2019 the amount approved for the printing for the convention brochure and tickets  was $7350. Yet as in 2018 she paid herself  $12594 . This  again  was  more than the contracted amount of $7350.

31.The president claimed to have printed additional 100 copies  of the convention brochure  after the 2019 convention for  about  $4000.  This presents another issue that was not there before the Association   started having a President  awarding printing contracts to herself and her family.

32. Before the present administration, there was no need to verify the actual number of copies of convention brochure printed and delivered to the Association. There  had  never  before now been a conflict of  interest involving  the Association's  past presidents in this regard.  The current president was able to stick the Association  with such outrageous bill because she has

inexplicable  control over the  BOT chairman who is suppose to check her excesses.  The president has gotten accustomed to awarding her family the printing of the convention brochure . She was unable to resist this urge to self-deal by usurping  the opportunity for UPUA to make money from the printing of the  2021 virtual convention. Again, in 2021 she awarded the contract to print the convention brochure to her family without the approval of the BOT.

33. The president's hotel bill for 3 days during the 2019 UPUA convention was a staggering $4,892.98  this mind-blowing amount  was definitely not  approved by the BOT.  Again , she was able to expend this amount because she had access to the bank account and certainly treated this as a personal account.  The Association it should be noted was offered  a group rate of $135.00 (per room ) per night.

34 .By information and belief  the amount the President  spent on her  hotel bill for the 2018 convention is higher than what she spent in 2019.

35. In addition to the aforementioned spending, the president in 2018 and 2019  charged  UPUA for travel tickets  for " convention dignitaries" without proof of the expenses.  $4985.84 and $4011.66 for 2018 and 2019 respectively.  Such unlawful spending and practice  would jeopardize the Association's  501 C ( 3)  status.

36. The Association  attends the annual Urhobo day celebration in Nigeria. The amount approved for the 2019 Urhobo day In Nigeria was $ 5,750. Yet the president paid herself $7,855 without proof or   receipt  of how the money was expended.

37. Another source of waste is in the alleged   amount collected for advertising in the convention brochure. Money is supposed to have been collected from members before the publication of the

brochure. It is disheartening that two years after the 2019 convention  the money for  adverts is still not completely accounted for.

38. By information and belief $210 was expended to ship the Association's property- drinks to the president in New York after the 2018 convention.  Neither the value of the property nor its where about has  been disclosed to the Association.  The President has effectively converted UPUA's property.

39.There has also been waste in the  collections  of pledges from donors . It is hard to reconcile the number of  letters of appreciation sent out by the Association to donors  for their contributions with  the amount that was actually  paid into UPUA's  bank account.

40.The President and the BOT chairman  in an apparent move to stifle dissent and intimidate members have expelled the whistle blower, Tosan Okotie  who brought the president's misappropriation of funds to the notice of  members of UPUA.  Interestingly, the audit report does not contradict the whistle blowers allegations.

41. While the audit report did not go as far as to directly  indict the president, the Audit committee for obvious reasons left this finding to the BOT.   You do not have to have a conflict of interest policy in place for there to be a conflict of interest.  It is  clear  conflict of interest  and waste for the President  to award  a contract to her family  and pay the family  more than double the agreed contract with the Association.

42. The BOT chairman  has turned blind eyes to the allegations of financial impropriety against the president. The BOT chairman, Emmanuel Ojameruaye  is instead enabling the president to make lame and laughable excuses about the alleged financial impropriety.

43. The president in the past had attempted to invest UPUA's fund in a Micro Finance  Bank in Nigeria.  Now that she erroneously believes she has been re-elected, she has resumed talks of investing the Association's money in the Micro Finance Bank. Plaintiffs  are  not opposed to individual members investing their personal funds in the micro finance  bank  but  vehemently oppose  investing UPUA's money in such a risky venture.

44. It is common knowledge that such banks have a very high percentage of failure in Nigeria. Furthermore, there is an obvious conflict of interest here because the president is also a director in the Micro Finance Bank.

45. It has become apparent that the reason why the President wants her tenure extended is to give her enough time to complete the transfer of the Association's funds to Nigeria to invest in the micro finance Bank and other risky ventures. The whistle blowers allegation of financial impropriety unfortunately for the president  brought the  attention of UPUA members to her intention of investing the Association's fund in Nigeria. This has consequently resulted in the present action against the defendants.

46. Now  that the whistle blower has been expelled from the Association for exposing the president's financial impropriety and the plot to invest the Association's funds in the micro finance bank, the only impediment or obstacles to  accomplishing the plot are  plaintiffs and this lawsuit.  UPUA currently has about $250,000 in its bank account.  This money is in apparent jeopardy.

47. Defendant, Silas Okiti  is a member of the Executive and the president's surrogate. The president and Mr. Okiti  plan to invest the Association's money in Nigeria. When it became

obvious that the president would not be able to win the 2019 presidential election, the president employed the services of Mr. Okiti who engaged some " foot soldiers " in Houston to scuttle the 2019 presidential election.

48. By information and belief Mr. Okiti had on several occasions traveled to Nigeria with the President to cement  plans to invest UPUA's  funds in Nigeria. Furthermore Mr. Okiti has also been involved in the waste of corporate asset.  He had offered vendors free space at the conventions in exchange for supporting the president.

49. The  President and  Mr. Okiti as director of Membership were also instrumental in bringing members into the Association in violation of  Article 4.2 of the UPUA constitution.  This Article  provides that "only members outside an area that is within 100-mile radius of an affiliate chapter may be a general member."

50. The  defendants  in a bid to boost the President's  chances of re-election in the failed 2021 presidential election,  have violated Article  4.2 of the UPUA  constitution by admitting members within 100-mile radius of an existing affiliate chapter into a new chapter.

## VI.  Count 1 – Breach of Fiduciary Duty

51.  Plaintiffs, UPUA re-alleges and incorporates the factual allegations set forth above as if stated herein. The defendants, Onome Dema and Silas Okiti and Plaintiff have a fiduciary relationship.

52. Defendants breached the fiduciary duty to plaintiff, UPUA. The defendants' breach resulted in injury to the plaintiff. The defendants have benefited immensely from the breach of their fiduciary duty.  Defendants breached their agreement with UPUA. The defendants  promised in their oath of office  to "  deal fairly  and in good faith with UPUA  and all its members , and  not

knowingly, directly, or indirectly, undertake or engage in any conduct or act that will defraud or disorganize UPUA."

53. Defendants owe plaintiff a duty of care. The duty owed to the plaintiff to care for and preserve its assets in the same manner expected from a person of ordinary prudence, or person of ordinary care and skill engaged in the type of activity in which the defendants were engaged have been breached by their actions or omissions.

54. Defendants also owe plaintiffs a duty of loyalty. The duty requires that defendants acts solely in the best interest of the Association, free from self-dealing and conflict of interest. Defendants, have breached the duty of loyalty by using corporate assets for their personal pursuits and taking corporate opportunities for themselves. Defendants have usurped corporate opportunities for personal gains.

55. Defendants, additionally have breached the duty of disclosure. Defendants, have a duty to make full disclosure of all pertinent information pertaining to all donations received on behalf of the Association.

**VII. Count 11- Aiding and Abetting Breach of Fiduciary Duty by Defendant, Silas Okiti.**

56. Plaintiffs incorporates by reference the allegations set forth above as though fully restated herein. Defendants, as Officers of UPUA were and are required to use their abilities to control and manage UPUA in a fair, just, and equitable manner to ensure that UPUA complies with applicable laws and contractual obligations, to refrain from abusing their positions of control, and not to favor their own interests at the expense of UPUA.

57.  By their actions alleged above, Defendants violated their fiduciary duties to UPUA, including, without limitation, their duties of good faith, loyalty, and due care. The wrongful conduct particularized herein was not due to an honest error in judgment but rather to Defendants' wrongful acts as well as bad faith and/or reckless disregard of UPUA's rights and interests , without reasonable and ordinary care which they owed to UPUA.  Defendants have participated in harming UPUA and have breached fiduciary duties owed to the corporation.

58. Defendant, Silas Okiti, the BOT chairman, Emmanuel Ojameruaye and other unnamed defendants knowingly aided, encouraged, cooperated and/or participated in, and substantially assisted  Onome Dema  in the breach of her fiduciary duties. As a result of Defendants' breach of fiduciary duties, UPUA has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law. The acts of Defendants named herein, and each of them, were done maliciously and with intent to defraud  Plaintiff.  Plaintiffs on behalf of UPUA  are entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

## VIII. Count III- Breach of Contract

59. Plaintiffs, UPUA re-alleges and incorporates the factual allegations set forth above as if stated herein. The defendants entered a contract with plaintiff when they were sworn in as officers of the Association.

  60. Plaintiff has a valid contract with defendants.  Defendants by their actions and inactions breached the contract, by using the Association's money for personal use causing the Association waste  during  the 2018 and 2019 conventions.  Defendants in order to perpetuate a cover up violated the UPUA constitution by recruiting surrogates to scuttle the 2019 presidential election and   admitting new members to a new chapter within 100 miles radius of an existing chapter in

violation of article 4.2(b) of the UPUA constitution.  Defendants further breached the oath of

office taken to : " faithfully  execute their offices to preserve, protect  and defend the UPUA

constitution." Defendants have disregarded the agreement or oath in its entirety.

61. Defendant, Onome Dema claim to have purchased  flight tickets for dignitaries to the 2019

UPUA convention  without the approval of the BOT and in violation of the nonprofit corporation

laws.

### IX. Count IV-  Gross Mismanagement Against All Individual Defendants .

62.  Plaintiff incorporates by reference the allegations set forth above as though fully restated

herein.  By their actions alleged above, Defendants abandoned and abdicated their

responsibilities and fiduciary duties with regard to prudently managing UPUA's assets and

business in a manner consistent with the operations of a nonprofit  corporation.

63. As a result of the gross mismanagement, UPUA has sustained and will continue to sustain

damages and injuries for which it has no adequate remedy at law. The acts of Defendants were

done maliciously and with intent to defraud.  Specifically Defendant, Onome Dema after the

2019 convention  shipped the Association's drinks with UPUA money to herself in New York.

Plaintiffs on behalf of UPUA are entitled to punitive and exemplary damages in an amount to be

shown according to proof at the time of trial.

### X. Count V -Waste of Corporate Assets Against All Individual Defendants .

64. Plaintiff incorporates by reference the allegations set forth above as though fully restated

herein.  By their actions alleged above, and by failing to properly consider the interests of

UPUA,  by failing to conduct proper supervision, Defendants have caused the Association  to

waste valuable corporate assets by paying improper compensation to  the President and her

family  business.

65. Additionally, Defendant Onome Dema  has breached her  fiduciary duties and cause UPUA to  incur  over  nine thousand  dollars of  legal costs to defend Defendant- Onome Dema and the Board of trustee chairman – Emmanuel Ojameruaye in a lawsuit in Missouri.  As a result of the waste of corporate assets, UPUA has sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law. The acts of Defendants named herein, and each of them, were done maliciously and with intent to waste corporation's assets. Plaintiffs on behalf of UPUA are  entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

XI.  **Count VI -Breach of Duty of Honest Services Against Defendants.**

66. Plaintiffs incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.  This claim is brought derivatively on behalf of UPUA against Defendants – Onome Dema and Silas Okiti for breach of their undivided duty of loyalty to UPUA during the relevant time period.  As alleged above, defendants, Onome Dema and Silas Okiti  breached their duty of loyalty to UPUA by not acting solely in UPUA 's interests in performing their  duties.

67. Those breaches of duty consisted of the conduct alleged throughout this complaint including, without limitation, Defendants' causing UPUA  to enter into unfair contracts  and  agreements, to produce  convention brochures. Defendant Onome Dema  benefitted from her wrongdoing because she  received compensation that was directly tied to the contracts , which was higher than it would have been, but for the wrongdoing. This action  helped her  receive more money than was agreed on the contracts and without the approval of the BOT.  Defendants solicited bribe from vendors during  conventions.  Defendant,  Silas Okiti with the approval of Onome

14

Dema  offered vendors free space for their  support of the President during the  2019  UPUA convention  and presidential election.

68.UPUA was harmed by these Defendants' breaches of their undivided duty of loyalty. Defendants have intensified their efforts to invest UPUA's fund in a micro finance bank ( Okugbe Microfinance Bank) and other risky ventures in Nigeria.  By reason of the foregoing, UPUA was harmed and will continue to suffer harm as described in greater detail above.

### XII.  Count VII - Self Dealing Against  Defendant -Onome Dema

69.   Plaintiffs incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein. Defendant Onome Dema has been self-dealing by awarding the printing of  convention brochure to her family business. She has been usurping the opportunity for UPUA to make money from the printing of the convention brochure.

70.  She again in the  2021 virtual convention without the approval of the BOT awarded the contract to her family.  She by this action deprived UPUA of the opportunity to make profit from the printing of the brochure.

### XIII.  Count VIII- DECLARATORY JUDGMENT.

71. Plaintiffs incorporates by reference the allegations set forth above as though fully restated herein.  Plaintiffs, UPUA asks the court to declare the UPUA 2004 constitution  as amended in 2006 the extant constitution.  And to declare the 2021 UPUA amended constitution unconstitutional.

72.  Article 12.1  of the 2004 constitution as Amended in 2006 state that  " the constitution may only be amended at a convention."  Here, the constitution was amended  about a month before the 2021 UPUA convention.  Article 12.6 of the 2004 UPUA constitution  further states that an amendment may only be ratified by 2/3-majority  vote of the BOT members present . "  In this

case only 43.7% of BOT members present voted  for the amendment. The attempted amendment therefore did not pass.

73.  Plaintiff ask the court to declare the  2021 UPUA constitution  and the presidential election conducted based on the 2021 constitution, unconstitutional.

74. Plaintiffs ask that the court declare the 2004 UPUA constitution as amended in 2006 as the extant constitution.

75. Plaintiff ask that the court declare that the UPUA president, Onome  Dema is barred by the term limit provision in the UPUA constitution- Article 6.3 (c)  from acting,  parading and presenting  herself  as president  of the Association from January 1, 2022.

## XIV.  Application for Temporary Injunction

76. Plaintiff asks the court to *enjoin defendants from selling property, hiding the corporation's assets, opening other bank accounts in the corporation's name, depleting corporate fund, usurping corporate opportunities for personal gains, investing the corporations funds in Micro finance Banks and other risky ventures in Nigeria*  and using corporate fund for personal use.

77. Plaintiff  request that defendants,  be enjoined from having access to UPUA bank accounts.

78.  Enjoin  defendant  Onome  Dema  from  parading,  acting  and  presenting  herself  as  the president of UPUA

79.  Enjoin  the  BOT  and  the  president  from  using  2021  UPUA  constitution  to  advance  their illegal agenda

80. Enjoin, the Executive, the BOT or any member of UPUA from investing UPUA 's fund in any micro finance bank or other risky ventures  in Nigeria

81. Enjoin  the defendants and the BOT from holding any  meetings, convention or election for the office of the president until the disposition of  this lawsuit.

82. Order the Defendants and the BOT to pay all of the Association's funds into the court's registry.

83.  Enjoin defendants from using  UPUA's funds in defending this lawsuit

84. Order defendants to refund any amount they have spent so far to defend this lawsuit

85.  It is probable that plaintiffs will recover from defendants after a trial on the merits because plaintiff, UPUA is entitled to 100 percent of the money that has been misappropriated or siphoned from the Association.

86.    If plaintiff's application is not granted, harm is imminent because *defendants will deplete the corporation 's   asset.* Defendants are likely to unlawfully invest UPUA's money in very risky ventures or schemes in Nigeria

87.    The harm that will result if the temporary injunction is not issued is irreparable because plaintiff may not be able to recover its assets  if the Association becomes insolvent.

88.    Plaintiff, UPUA has no adequate remedy at law because defendants' activities will continue to *put the Association at the risk of insolvency and the loss of it 501c(3) status.*

89.  Defendants pose imminent harm to the existence of the Association.

90. Plaintiffs attach verification that prove the allegations in this application for injunctive relief and incorporate it by reference.

## XV.  Request for Appointment of Receiver

91.  Plaintiff asks the court to appoint a receiver as a temporary receiver of UPUA to provide a proper accounting of the Association's assets. Plaintiff will show that an imperative and immediate necessity exist for the appointment of a receiver.

92. Plaintiffs ask the court to grant the receiver all the powers under the statute to conduct the business of UPUA; and to take any actions he or she deems necessary to protect the interest of the Association before trial.

## XVI.  Notice to the Board of Trustees to Bring  Action Against Defendants

93. Prior to filing this lawsuit, plaintiffs gave the BOT notice of  defendants' unlawful actions and injury to UPUA.   The BOT failed to act. Elizabeth Jamaho, a member of the BOT strenuously impressed upon the BOT the need to act to protect UPUA from further injury to no avail. She considers it futile to give the BOT any other additional notice because the president has total control of the BOT chairman and majority of the members of the BOT.  The BOT is incapable of acting in the interest of UPUA.

## XVII.  Prayer for Relief

94.  Plaintiffs pray for declarative judgment and an order of temporary injunction.  Plaintiff ask the court to enjoin defendants from the following:

      a.  Enjoin defendants from depleting corporate asset.

b.  Enjoin defendants from operating the Association's  bank accounts.

c.  Enjoin defendants from spending the association's money for personal use

d. Enjoin the defendants from violating the extant UPUA constitution in order to further their personal interest.

e.  Enjoin the defendants and BOT from holding any convention or election until the disposition of this lawsuit.

f.  Enjoin defendants from investing the Association's  money in risky ventures in Nigeria

g. Enjoin defendants from receiving compensation from the Corporation.

h. Enjoin the defendants from self-dealing and awarding contracts to themselves

i. Enjoin defendant, Onome Dema from acting,  parading or presenting herself as the president  of UPUA

j.  Enjoin the defendants, any member of UPUA or the BOT from opening any other bank account on behalf of UPUA

k. Enjoin the defendants and the BOT from transferring UPUA funds to any other bank account.

L.  Order the transfer of UPUA's fund to the court's registry.

M.  Appoint a receiver to take over the affairs of UPUA

N. Enjoin defendants from using UPUA's funds to defend themselves in this lawsuit

O.  Order defendants to refund any UPUA's money they have expended to defend this lawsuit.

95. Plaintiff pray for an order on trial of this cause, judgment against defendant as follows:

   a.  For an order awarding plaintiff actual and economic damages.

   b.  For and order awarding  plaintiff punitive  and exemplary  damages

   c.  For an order awarding plaintiffs' the taxable cost and allowable expenses of this action

   d.  For an order awarding plaintiff attorney's fees and court cost

   e.  For an order awarding plaintiff pre-judgment and post judgment interest at the highest rates allowed by law and

   f.  For an order for an external auditor to provide the Association with proper accounting

   g.  For an order appointing Receiver to manage the affairs of the Association.

   h.  For declaration that the 2004 UPUA constitution is the extant constitution

   i.  For declaration  that the 2021 UPUA constitution  is illegal and also the presidential election that was conducted base  on the  2021constitution

   j.   For an order granting such other and further relief at law or in equity, as may be necessary or appropriate.

Respectfully submitted,


By:/S/ *Larry Boje*

      Larry Boje, Attorney –in - charge
      Texas Bar No. 24036241
      9898 Bissonnet Suite 419
      Houston Texas 77036
      PH: 713-271-2500
      FAX: 713-271-5353
      Lawboje@att.net
      **Bassey Akpaffiong**
      Bassey Akpaffiong, Of Counsel
      Texas Bar No. 24006745
      14090 Southwest freeway Suite 300
      Sugarland, TX 77478
      PH: 713-245-6962
      Fax: 866-365-1317
      akpaffionglaw@yahoo.com
      Attorneys for plaintiff (s)