United States District Court
Southern District of Texas
**ENTERED**
June 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIZABETH EDOJAH JAMAHO, *et al.*, § § Plaintiffs, § VS. § ONOME DEMA, *et al.*, § § Defendants. § § § § | CIVIL ACTION NO. 4:21-CV-4175 |

### ORDER ON TEMPORARY INJUNCTION

This Court, having found that Plaintiffs Elizabeth Jamaho ("Jamaho"), Rex Minabowan ("Minabowan"), Patricia Akangbou ("Akangbou"), and Charles Aruviereh ("Aruviereh") on behalf of Urhobo Progress Union America ("UPUA" or "Association") (collectively, "Plaintiffs") have satisfied all of the necessary elements to maintain a lawsuit and to obtain a Temporary Injunction, at least with regard to two of its claims, hereby grants in part and denies in part its Motion for Temporary Injunction. (Doc. No. 22).

### I.

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). The Court, having found that Plaintiffs have carried its burden for the reasons set forth in the accompanying Order (Doc. No. 61) hereby grants in part and denies in part the motion for temporary injunction.

Defendants Onoma Dema ("Dema") and Silas Okiti ("Okiti") (collectively, "Defendants") are hereby enjoined from violating the terms of the UPUA constitution, including

but not limited to the provisions concerning the term limits of the UPUA president and the two-signature requirement on all checks disbursing UPUA funds. The Court denies without prejudice Plaintiffs' request for an injunction that has broader application for two reasons. First, the Court does not find that Plaintiffs have presented sufficient evidence at this juncture to demonstrate a likelihood of success concerning the issues of financial impropriety included in their motion. Additionally, the Court believes that the injunction requiring Defendants to adhere to UPUA constitution, and specifically the two-signature requirement for checks used to disburse UPUA funds, may remedy the problem of Defendants engaging in any additional untoward conduct.

The purpose of a preliminary injunction is to maintain the status quo until a full hearing on the merits can be held. This injunction does that. A pretrial injunction is an extraordinary remedy, and it should be narrowly tailored to the circumstances. *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 761 (1994). This one is. This injunction supersedes any restraining order previously issued by the Court.

Plaintiffs are required to post a bond of $5,000.

## II.

The parties are ordered to meet and confer to formulate a plan to govern this case through its conclusion. This proposed plan should be filed by July 22, 2022. The Court will thereafter schedule a conference call to discuss an appropriate scheduling order.

Signed at Houston, Texas, this 27th day of June, 2022.

Andrew S. Hanen
United States District Judge